# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRUCE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-0637-CVE-JFJ |
| ) | |
| BOKF NA, AMERICAN FIDELITY ) | |
| ASSURANCE COMPANY, DEARBORN ) | |
| NATIONAL LIFE INSURANCE COMPANY, ) | |
| and FMLA SOURCE, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. # 7). Plaintiff Bruce Davis argues that the notice of removal was filed more than 30 days after defendant BOKF NA (BOKF) received a copy of the second amended petition, and he argues that the notice of removal fails to state that all defendants consented to the removal. Dkt. # 7, at 2-3. Plaintiff also argues that his second amended petition does not state a claim under federal law and removal on the basis of federal question jurisdiction was improper. Id. at 4. BOKF responds that plaintiff failed to properly serve the second amended petition on BOKF, and the 30 day time period to remove the case did not begin to run when plaintiff's counsel e-mailed a courtesy copy of the second amended petition to BOKF's counsel. Dkt. # 17, at 10-12. BOKF also argues that plaintiff's second amended petition plainly states a claim arising under federal law, and all defendants that have appeared have consented to the removal of this case to federal court.

**I.**

On March 6, 2017, plaintiff filed a petition in Tulsa County District Court alleging a breach of contract claim and a Burk tort[1] against BOK Financial Corporation, American Fidelity Assurance Company (American Fidelity), and Dearborn National Absence Management Services.[2] Dkt. # 1-2. Plaintiff alleges that he was employed as an information security risk consultant and vice president of BOKF, and he claims that his employment was wrongfully terminated after he took leave for a serious medical condition. Id. at 2-3. Plaintiff served BOK Financial Corporation, American Fidelity, and Dearborn National Absence Management Services with a copy of the petition and a summons, and BOK Financial Corporation and American Fidelity filed answers. Dkt. # 1-11, at 5-6. Plaintiff dismissed BOK Financial Corporation as a party and filed an amended petition (Dkt. # 1-6) substituting BOKF as a defendant. Plaintiff also added FMLA Source, Inc. as a party, but the amended petition did not add any new claims. The parties appeared for a scheduling conference and the state court granted plaintiff leave to file a second amended petition. Dkt. # 1-11, at 9. Plaintiff filed a second amended petition (Dkt. # 1-1) adding a claim under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA).

---

[1] In Burk v. K-Mart Corp., 770 P.2d 24 (1989), the Oklahoma Supreme Court recognized a cause of action for wrongful termination of employment in violation of an Oklahoma public policy.

[2] In the petition and amended petition, plaintiff names Dearborn National Absence Management Services as a defendant. However, his second amended petition identifies this defendant as Dearborn National Life Insurance Company. Although plaintiff simply refers to "Dearborn" in his motion to remand, it appears that he has named a different entity as a defendant in his second amended petition, and the Court will treat Dearborn National Absence Management Services and Dearborn National Life Insurance Company as separate corporate entities.

On October 20, 2017, plaintiff's counsel sent an e-mail to counsel for BOKF, and a copy of the second amended petition was attached to the e-mail. Dkt. # 17-3, at 1. BOKF asserts that it had not consented to receive service of documents by electronic means, and there is no evidence that the second amended petition was mailed or delivered by other means to BOKF's counsel. On November 21, 2017, BOKF filed a notice of removal (Dkt. # 1) removing the case to this Court on the basis of federal question jurisdiction, because plaintiff alleged a claim arising under federal law in his second amended petitition. Counsel for FMLA Source, Inc. and American Fidelity have consented to the removal. Dearborn National Absence Management Services did not file an answer to the original petition or otherwise appear in this case, and there is no evidence that Dearborn National Life Insurance Company had been served with a summons and copy of the second amended petition at the time of removal. Dkt. # 17-6, at 3-4.

## II.

Removal to federal court is authorized for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. To exercise this right, a defendant must file a notice for removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [or] after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). It has long been acknowledged that all defendants must join in removal. See Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900). "[G]iven the limited scope of federal jurisdiction, there is a presumption

3

against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 Fed. Appx. 775, 778 (10th Cir. 2005).[3]

## III.

Plaintiff argues that the case should be remanded to state court, because BOKF did not file a notice of removal within 30 days of the date that it received his second amended petition. Dkt. # 7, at 2. Plaintiff also argues that all defendants did not consent to the removal, and he claims that the Court lacks subject matter jurisdiction over the case. Id. at 3-5. BOKF responds that plaintiff failed to properly serve the second amended petition on BOKF and the 30 day time period for removal did not begin to run when BOKF's counsel received an e-mail from plaintiff's counsel on October 20, 2017. BOKF also argues that the Court has subject matter jurisdiction over the case, and all defendants that have been served have consented to the removal.

### A.

Plaintiff argues that the case was improperly removed to this Court, because the Court lacks subject matter jurisdiction over this case. In his motion to remand, plaintiff argues that the second amended petition does not contain a claim under the FMLA, and his state law employment discrimination claims do not raise a substantial issue of federal law. Dkt. # 7, at 4. In his reply, plaintiff plainly states that he has alleged an FMLA claim in his second amended petition, but he argues that the state court has concurrent jurisdiction over FMLA claims and removal of the case was improper. Dkt. # 29, at 3. Defendant responds that plaintiff has alleged a claim arising under federal law and removal of the case was proper. Dkt. # 17, at 3.

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Plaintiff has advanced contradictory and equally meritless arguments in attempt to show that the Court lacks subject matter jurisdiction over the case. The Court has reviewed the second amended petition and it clearly alleges a claim under the FMLA. Therefore, plaintiff's argument that the Court lacks subject matter jurisdiction under Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), is irrelevant,[4] because he has clearly alleged a claim arising under federal law. Plaintiff also argues that state and federal courts have concurrent jurisdiction over FMLA claims, and his FMLA claim was properly filed in state court. Dkt. # 29, at 3. A defendant may remove a case from state court if the case falls within the original jurisdiction of the federal courts, and an FMLA claim arises under federal law and may be heard in federal court under 28 U.S.C. § 1331. Craycroft v. Dakkota Integrated Systems, LLC, 2016 WL 6780351 (W.D. Ky. Feb. 8, 2016). Even though FMLA claims can be filed in state court, this does not prevent a defendant from removing a case asserting an FMLA claim to federal court. Plaintiff has not shown that the case should be dismissed for lack of subject matter jurisdiction.

**B.**

Plaintiff asserts that his attorney e-mailed a copy of the second amended petition to BOKF's counsel on October 20, 2017 and this e-mail triggered BOKF's 30 day period to file a notice of removal. Dkt. # 7, at 2. He claims that BOKF was required to file a notice of removal no later than November 20, 2017, and he argues that the notice of removal filed on November 21, 2017 was

---

[4] In Grable & Sons Metal Products, Inc., the Supreme Court held that a case may be removed to federal court when the plaintiff alleges a state law claim that requires the resolution of a substantial and contested question of federal law. 545 U.S. at 313. In this case, plaintiff has alleged a claim arising under federal law, and the Court has subject matter jurisdiction regardless of whether his other state law claims require the resolution of an issue of federal law.

5

untimely. BOKF responds that the 30 day period to file a notice of removal was not triggered when plaintiff's counsel sent an e-mail to BOKF's counsel, because BOKF did not consent to service by e-mail and the second amended petition was not properly served on BOKF. Dkt. # 17, at 5, 9-11.

The parties dispute when BOKF is deemed to have notice that plaintiff filed a second amended petition. Plaintiff argues that BOKF was able to "intelligently ascertain removability" when counsel for BOKF received an e-mail from plaintiff's counsel on October 20, 2017 containing a copy of the second amended petition. Dkt. # 29, at 4. BOKF argues that plaintiff did not properly serve the second amended petition on BOKF and the 30 day time period never began to run. Dkt. # 17, at 11. Both parties rely on the Supreme Court's decision in <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), in which the Supreme Court found that the 30 day time period to remove a case begins to run from service of a summons and copy of the complaint on a defendant. Section 1446(b) states that the 30 day period begins to run "after the receipt by the defendant, through service or otherwise," but this does not mean that a defendant's mere possession of a copy of the complaint triggers the 30 day period. <u>Id.</u> at 353. Instead, a federal court must refer to the rules of the state court to determine when a defendant is brought under the authority of the state court, and this is normally accomplished by service of the complaint and a summons on the defendant. <u>Id.</u> at 354. Under Oklahoma law, "[p]leadings asserting new or additional claims for relief against [a defendant] shall be served upon them in the manner provided for service of summons in Section 2004 of this title . . . ." OKLA. STAT. tit. 12, § 2005.B. When a party is represented by an attorney, service of an amended petition must be made upon the party's attorney in an appropriate manner. <u>Garrett v. Gordon</u>, 314 P.3d 264, 275 (Okla. Civ. App. 2013).

Plaintiff sent an e-mail to BOKF's counsel on October 20, 2017, but BOKF had not agreed to accept service of filings by electronic means and there is no evidence that plaintiff served the second amended petition on BOKF by mail or any other means.[5] Under Oklahoma law, service by electronic means is permissible only if "the attorney or party consents in writing to receiving service in a particular case by electronic means and the attorney or party provides instructions for making the electronic service consented to by the attorney or the party . . . ." OKLA. STAT. tit. 12, § 2005.B. BOKF did not consent to receive service by electronic means and plaintiff did not properly serve the second amended petition on BOKF by sending an e-mail to BOKF's counsel. This means that BOKF's counsel's receipt of an e-mail with a copy of the second amended petition attached did not obligate BOKF to file an answer or take any other action in regard to the second amended petition, and BOKF was not brought under the authority of the state court as to any new claims alleged in the second amended petition. Courts have consistently found that the delivery of a courtesy copy of a document to opposing counsel does not trigger the 30 day period for removal if the document was required to be served on the opposing party. Bright v. Harford Community College, 2011 WL 1984055 (D. Md. May 20, 2011); Montoya v. New York State United Teachers, 754 F. Supp. 2d 466 (E.D.N.Y. 2010); Schwenk v. Collection Specialists, Inc., 2008 WL3009907 (D. Kan. Aug. 1 2008). In this case, the 30 day period for BOKF to file a notice removal did not begin to run when it received a courtesy copy of the second amended petition. In fact, the 30 day period never even started because plaintiff failed to serve the second amended petition on BOKF, and the Court rejects plaintiff's argument that BOKF did not timely file its notice of removal.

---

[5] In response to a separate argument, plaintiff unequivocally states that he did not serve the second amended petition on BOKF "by mail, commercial carrier or e-mail." Dkt. # 29, at 8.

## C.

Plaintiff also argues that the case should be remanded, because the notice of removal does not state that all of the defendants consented to the removal. Dkt. # 17, at 3. Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Courts generally refer to this requirement as the "rule of unanimity," and it applies to cases removed on the grounds of diversity and federal question jurisdiction. McShares, Inc. v. Barry, 979 F. Supp. 1338 (D. Kan. 1997). There are two exceptions when total unanimity of defendants in the decision to remove a case to federal court is not required: "First, a nominal or formal party is not required to join in the petition for removal. Second, a defendant who has not yet been served with process is not required to join." Federal Nat'l Mortg. Ass'n v. Milasinovich, 161 F. Supp. 3d 981, 1000 (D.N.M. 2016) (citing Brady v. Lovelace Health Plan, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007)). The rule of unanimity has not been interpreted to require that each defendant actually sign the notice of removal, but defendants are typically required to "officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of receiving the complaint." Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995) (citing Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237 (N.D.W.Va. 1993)). Some courts have found it sufficient that a notice of removal is filed and signed by counsel for the removing defendant and that the notice of removal states that all other defendants who have been properly served consent to the removal. Mayo v. Bd. of Educ. of Prince George's County, 713 F.3d 735, 742 (4th Cir. 2013); Bruning v. City of Guthrie, Oklahoma, 101 F. Supp. 3d 1142, 1144 (W.D. Okla. 2015).

The Court finds that plaintiff has not shown that the rule of unanimity has been violated in this case. There is no evidence that any of the defendants were properly served with the second amended petition at the time of removal and, under § 1446(2)(B), the 30 day time period for defendants to consent to the notice of removal had not begun to run when the case was removed by BOKF. FMLA Source, Inc. and American Fidelity did consent to the removal within 30 days of BOKF's filing of the notice of removal. FMLA Source, Inc. and American Fidelity consented to the removal on November 27, 2017, and all defendants who had appeared in this case within that time frame have timely consented to the removal. Dkt. # 17, at 8. Dearborn National Life Insurance Company has not consented to the removal of this case, but this defendant had not entered an appearance in this case at the time of removal and there is no evidence that plaintiff served a copy of the second amended petition and a summons on this defendant before removal. Plaintiff makes no argument that Dearborn National Life Insurance Company was required to consent to the notice of removal without receiving service of the second amended petition, and Dearborn National Life Insurance Company's failure to consent to removal does not require the Court to remand the case due to the lack of unanimity.

**D.**

The Court finds that plaintiff's motion to remand should be denied. The Court has subject matter jurisdiction over this case and plaintiff has not identified a procedural defect with the notice of removal. In his reply, plaintiff asks the Court for leave to dismiss any claim under the FMLA in the event that his motion to remand is denied. Dkt. # 29. The Court will not consider a request made for the first time in a reply, because defendant has not had an opportunity to respond to this

9

argument. However, plaintiff may file a motion to voluntarily dismiss a certain claim if he seeks to clarify that he does not wish to assert a claim under the FMLA.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 7) is **denied**.

**DATED** this 16th day of January, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE